## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **KURT BODI**, | ) | Case No. 3:25-cv-358 |
| *on behalf of himself and all others* | ) | |
| *similarly situated,* | ) | Judge |
| | ) | |
| Named Plaintiff, | ) | Magistrate Judge |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND** |
| **PHOENIX TECHNOLOGIES** | ) | **ENDORSED HEREON** |
| **INTERNATIONAL, LLC** | ) | |
| 1098 Fairview Avenue | ) | |
| Bowling Green, Ohio 43302, | ) | |
| | ) | |
| Defendant. | ) | |

### NAMED PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Named Plaintiff Kurt Bodi ("Named Plaintiff" or "Bodi"), *individually and on behalf of all others similarly situated*, by and through undersigned counsel, for his Collective and Class Action Complaint against Defendant Phoenix Technologies International, LLC ("Defendant" or "PTI") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime and/or other wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and unjust enrichment common law, and states and alleges as follows:

### INTRODUCTION

1.      The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best*

*Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory and common law further required the payment of non-overtime compensation and/or contained other compensation requirements. *See* OPPA.

2.     Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, as well as state law, to recover unpaid wages and other damages from Defendant.

3.     As to Count I, Named Plaintiff seeks to prosecute FLSA claims as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective," as defined below).

4.     As to Counts II and III, Named Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of two classes of persons who assert claims under state law (the "State Law Classes," consisting of the "OPPA Rule 23 Class" and the "Unjust Enrichment Rule 23 Class," as each more fully defined ).[1]

5.     Named Plaintiff, the FLSA Collective, and State Law Classes now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter as applicable, non-overtime wages as applicable, other penalties, in addition to prejudgment and post-judgment interest as applicable, costs and attorneys' fees incurred in

---

[1] Some members of the FLSA Collective are also members of each of the State Law Classes, as both are defined hereinafter, as is Named Plaintiff as applicable.

prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

## I.  <u>JURISDICTION AND VENUE</u>

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7.      This Court also has supplemental jurisdiction over the state-law claims because these claims arise from a common nucleus of operative facts. *See* 29 U.S.C. § 1367.

8.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims arose and/or emanated from Defendant's primary U.S. headquarters, located at 1098 Fairview Avenue, Bowling Green, Ohio 43402, which is located in this judicial district and division.[2]

9.      In addition, the Court has general jurisdiction over Defendant since Defendant's U.S. headquarters is located at the address in the prior paragraph, which is located in this judicial district and division.

## II.  <u>THE PARTIES</u>

### A.  Named Plaintiff Bodi

10.      Named Plaintiff Bodi is an individual, a citizen of the United States, and a resident of the State of Ohio.

_____

[2] *See, e.g.,* https://www.phoenixtechnologies.net/about/contact/index.html (last accessed Feb. 19, 2025).

11.     During the three years preceding the filing of this original Complaint, Named Plaintiff worked as an hourly, non-exempt employee for Defendant at one of its production/manufacturing facilities located in Bowling Green, Ohio.

12.     Bodi's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached hereto as Exhibit A.

**B.  Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise**

13.     Defendant represents itself as "a worldwide leader in recycled polyethylene terephthalate (rPET) manufacturing."[3] Defendant's products are used to make packaging for the "food, beverages, pharmaceuticals, shampoos, soaps, and detergents" industries, and for "non-packaging applications such as strapping, carpeting and others."[4]

14.     Upon information and belief, Defendant is a wholly owned subsidiary of APG Polytech USA Holdings, Inc.

15.     In order to serve APG Polytech USA Holdings, Inc.'s common business purpose, Defendant manages, controls, and operates its enterprise through multiple facilities, including, but not limited to, those located in Bowling Green, Ohio.

16.     At all times relevant, Defendant was an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and was an employer of Named Plaintiff and the State Law Classes, as applicable, within the meaning of the OPPA and Ohio common law.

---

[3] *See* https://www.phoenixtechnologies.net/index.html (last accessed Feb. 19, 2025).
[4] *Id.*

17.     At Defendant's facilities, it employs hundreds of hourly, non-exempt production/manufacturing employees, including Named Plaintiff, the FLSA Collective, and State Law Classes, in furtherance of its business purpose(s).

18.     During the relevant time period preceding the filing of this original Complaint, it is estimated that there are at least several hundred similarly situated employees of Named Plaintiff.

19.     The hourly, non-exempt production/manufacturing employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

20.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendant performs related activities through unified operations and common control for a common business purpose; namely, the operation of production/manufacturing facilities throughout the continental United States.

21.     At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and State Law Classes' working conditions, including matters governing the essential terms and conditions of their employments.

22.     At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Classes.

23.     At all times relevant, Defendant had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintained or is required to maintain employee records of Named Plaintiff, the FLSA Collective, and State Law Classes.

24.     At all times relevant, Defendant is and was an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and/or has

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25.     During the preceding three (3) years, Defendant had an annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

26.     As alleged herein, Defendant applied the policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

27.     Each facility is engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Defendant's manufacturing/production facilities.

28.     Each facility has common management, ownership, and related interests across all facilities.

29.     Each facility provides the same or similar array of products and services to customers at the facilities.

30.     At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and the State Law Classes' working conditions, including matters governing the essential terms and conditions of their employments.

31.     At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Classes across all facilities.

32.     At all times relevant, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records or is required to maintain employee records across all facilities and locations.

33.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as packaging materials and related products, for their customers.

## III.     FACTS

34.     Named Plaintiff was employed by Defendant as an hourly, non-exempt employee in one or more roles, including as a production associate/sorter and in shipping/receiving, from approximately March 2022 until the end of January 2025.

35.     In particular, Named Plaintiff worked at one of Defendant's manufacturing/production facilities located at 501 E. Poe Road, Bowling Green, Ohio 43402.

36.     In his positions, Named Plaintiff primarily performed non-exempt job duties, such as sorting plastic through the production line to ensure plastics met company expectations and operating various machinery assisting the production/manufacturing process.

37.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Classes (who worked overtime hours, as applicable) were also hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

38.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Classes were non-exempt employees within the meaning of 29 U.S.C. § 203(e) and, as applicable, the OPPA, and Ohio common law.

39.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Classes (who worked overtime hours, as applicable) were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

40.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Classes (who worked overtime hours, as applicable) are entitled to timely paid overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek, 29 U.S.C. § 207.

41.     Named Plaintiff and the OPPA Rule 23 Class are also entitled to timely payment of wages for all hours worked, O.R.C. § 4113.15.

42.     Named Plaintiff, the FLSA Collective, and State Law Classes (who worked overtime hours, as applicable) worked overtime hours during one or more workweeks during their employments with Defendant.

43.     Like the other members of the FLSA Collective and State Law Classes (who worked overtime hours, as applicable), Named Plaintiff worked more than forty (40) hours in one or more workweeks. Defendant was aware that Named Plaintiff, the FLSA Collective, and State Law Classes (who worked overtime hours, as applicable) worked overtime, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and state law for all of their compensable hours worked due to the companywide policies/practices as described below.

44.     Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

45.     Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and State Law Classes for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; *see* O.R.C. § 4113.15.

46.     In addition, Defendant has been unjustly enriched at the detriment and expense of Named Plaintiff and the Unjust Enrichment Rule 23 Class as a result of Defendant's failure to pay all non-overtime hours worked by Named Plaintiff and the Unjust Enrichment Rule 23 Class.

**(Unpaid Wages Due to Failure to Pay Overtime at the Correct Regular Rate of Pay)**

47.     During their employments with Defendant, Named Plaintiff, the FLSA Collective, and the OPPA Rule 23 Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and Ohio law, which resulted in unpaid overtime wages.

48.     Put another way, Defendant did not properly calculate overtime based on Named Plaintiff's, the FLSA Collective's, and OPPA Rule 23 Class's ***regular rate of pay***, as defined and required by the FLSA and state law, but instead calculated overtime compensation based on their base hourly rates of pay, resulting in unpaid overtime compensation.

49.     In particular, Defendant paid Named Plaintiff, the FLSA Collective, and the OPPA Rule 23 Class a Base Hourly Wage as well as one or more additional forms of nondiscretionary remuneration that should have been included in the calculation of these employees' regular rates of pay for overtime compensation calculation purposes.

50.     Bonuses and other forms of nondiscretionary remuneration which do not qualify for exclusion must be totaled in with other earnings to determine the regular rate on which overtime pay must be based. *See* 29 C.F.R. § 778.200.

51.      Examples of additional forms of nondiscretionary remuneration that Defendant paid, include, but are not limited to, attendance bonuses dependent upon objective criteria such as perfect or near perfect attendance, production bonuses, and other forms of compensation which were based on objective, predetermined, and measurable criteria, payments that induced workers to work more efficiently or productively or at undesirable hours, incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly and/or efficiently, and/or incentivized or encouraged workers to remain with the company given its importance to the overall operation of Defendant's business (all types of nondiscretionary remuneration hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c). *See also* U.S. Department of Labor Fact Sheet # 56C: Bonuses under the Fair Labor Standards Act (FLSA).[5]

52.      Defendant informed, announced, and/or promised to Named Plaintiff, the FLSA Collective, and the OPPA Subclass about the additional non-discretionary Additional Remuneration, upon hiring or otherwise during their employments. Named Plaintiff, the FLSA Collective, and the OPPA Rule 23 Class expected to receive one or more forms of Additional Remuneration and did in fact receive one or more forms of Additional Remuneration.

53.      During the last three years preceding the filing of this original Complaint, Named Plaintiff, the FLSA Collective, and the OPPA Rule 23 Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they work overtime hours, more than forty (40) hours in a single workweek.

54.      However, Defendant failed to fully include one or more forms of Additional Remuneration in calculating Named Plaintiff's, the FLSA Collective's, and the OPPA Rule 23

---

[5] https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last accessed Feb. 19, 2025).

Class's regular rates of pay for overtime purposes during workweeks when they worked overtime hours during one or more workweeks.

55. By way of one non-exhaustive example, during the pay period of March 11, 2024, through March 24, 2024, Named Plaintiff worked at least eighty (80) regular hours and at least 8.08 hours of overtime in one or more workweeks during the same bi-weekly pay period. For the 80 regular hours, Named Plaintiff was paid a Base Hourly Wage of $21.13 per hour. For the 8.08 hours of overtime, he was paid $31.6950 per hour.

56. During the same pay period, however, Named Plaintiff was also paid a non-discretionary bonus in the form of an "attendance bonus" in the amount of $44.00. Defendant should have included this bonus into Named Plaintiff's regular rate of pay. After dividing $31.6950 by 1.5, it yields a Base Hourly Wage of $21.13. As such, there can be no dispute that Defendant failed to include the $44 bonus into the calculation of Named Plaintiff's regular rate of pay. Had Defendant included the non-discretionary attendance bonus into Named Plaintiff's regular rate of pay, his overtime rate would have been higher. As a result, Named Plaintiff was not fully compensated at the correct regular rate of pay resulting in unpaid overtime compensation.

57. By way of another non-exhaustive example, during the pay period of June 17, 2024, through June 30, 2024, Named Plaintiff worked at least eighty (80) regular hours and at least 0.38 overtime hours in one or more workweeks during the same bi-weekly pay period. For the regular hours, he was paid a Base Hourly Wage of $21.50 per hour. For the overtime on his pay stub, he was paid $32.50 per hour.

58. During the same pay period, however, Named Plaintiff was paid a non-discretionary bonus believed to be a production bonus in the amount of $500.00. Defendant was required to include this bonus into Named Plaintiff's regular rate of pay. After dividing his

overtime rate of $32.25 by 1.5, it yields a Base Hourly Wage of $21.50. As such, there can be no dispute that Defendant failed to include the $500 bonus into his regular rate of pay. Had Defendant included the non-discretionary attendance bonus into Named Plaintiff's regular rate of pay, his overtime rate would have been higher than $32.25 per hour. As a result, Named Plaintiff was not fully compensated at the correct regular rate of pay resulting in unpaid overtime compensation.

**(Unpaid Wages Due to Defendant's Unpaid Meal Period Policy/Practice)**

59.     Defendant required a meal break deduction of (or simply did not pay for) at least thirty (30) minutes per day from Named Plaintiff's, the FLSA Collective's, and State Law Classes' compensable hours worked. However, they were often unable to take a *bona fide* meal break, took a shortened meal break, and/or otherwise were unable to take a fully uninterrupted meal break because of their substantive job duties. This resulted in Named Plaintiff, the FLSA Collective, and State Law Classes not receiving an actual bona fide meal break – as they were performing their primary job duties during the supposed "breaks." Accordingly, Named Plaintiff, the FLSA Collective, and State Law Classes worked through what were supposed to be their meal breaks.

60.     Despite Named Plaintiff, the FLSA Collective, and State Law Classes never, or infrequently, receiving a *bona fide* meal break, Defendant nevertheless automatically deducted thirty (30) minutes from (or simply did not count as compensable hours) Named Plaintiff's, the FLSA Collective's, and State Law Classes' paychecks.

61.     Defendant had actual or constructive knowledge that Named Plaintiff's, the FLSA Collective's, and State Law Classes' meal breaks were either missed, shortened, and/or otherwise interrupted by job duties.

62.     At some point during the three (3) years preceding the filing of this original Complaint, Named Plaintiff reported to his direct supervisor and/or upper management that he was

not receiving one or more fully uninterrupted meal breaks. Upon information and belief, Named Plaintiff completed a form to be reimbursed for such interrupted meal breaks and was compensated for such time. Named Plaintiff continued to report missed and/or interrupted meal breaks and requested to be reimbursed for such time worked.

63.     However, and subsequently, during the three (3) years preceding the filing of this original Complaint, Named Plaintiff, the FLSA Collective, and State Law Classes were informed that they were no longer permitted to report and/or were discouraged from reporting missed/interrupted meal breaks. As a result of this instruction, Defendant's employees such as Named Plaintiff were discouraged and thus prevented from reporting missed, shortened, and/or otherwise interrupted meal breaks, and were thus not reimbursed for such time worked.

64.     Moreover, Named Plaintiff, the FLSA Collective, and State Law Classes were not trained as to what constituted, and what did not constitute, a *bona fide* meal break, including the FLSA's admonishment that "[t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating," 29 C.F.R. § 785.19.

65.     Defendant's intentional pay deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level.

66.     As a result of Defendant's policy and/or practice to require a thirty (30) minute meal break deduction from Named Plaintiff's, the FLSA Collective's, and State Law Classes' compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendant had actual or constructive knowledge that it was not compensating Named Plaintiff, the FLSA Collective, and State Law Classes for all hours worked.

67.     The additional thirty (30) minute non-taken break time worked was compensable as overtime or straight time hours worked because the work was required by Defendant and the

work was performed for Defendant's benefit and constituted part of the employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA.

68.     Although there was no administrative difficulty in compensating them for such work or simply requiring that the employees clock in/out for such breaks (among other preventative measures), Defendant did not count the interrupted and/or missed meal breaks as compensable hours worked for purposes of computing overtime or non-overtime hours worked.

69.     Despite Defendant knowing that its employees were performing unpaid work that was integral and indispensable to their job duties as described above, Defendant did not pay Named Plaintiff, the FLSA Collective, and State Law Classes for such time.

70.     Thus, during all times relevant, Defendant failed to pay Named Plaintiff, the FLSA Collective, and State Law Classes for all overtime and non-overtime work performed because of its policies or practices described above.

71.     At all times relevant, Defendant was aware that Named Plaintiff, the FLSA Collective, and State Law Classes performed work during wrongfully deducted meal break periods as alleged above because it trained and instructed these workers to perform such work, observed and/or became aware of them performing this work, and they could be subject to discipline if they did not perform such work, but Defendant nevertheless failed to compensate them for this work.

72.     Moreover, the unpaid work during wrongfully deducted meal break periods was part of Named Plaintiff's, the FLSA Collective's, and State Law Classes' continuous workdays.

73.     As a result of Defendant's failure to pay for all overtime hours worked as a result of the above practices and/or policies, Defendant failed to compensate Named Plaintiff, the FLSA Collective, and OPPA Rule 23 Class for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay, which constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C. § 4113.15, which requires the prompt payment of all wages earned and owed.

74.     Although Defendant suffered and permitted Named Plaintiff, the FLSA Collective, and OPPA Rule 23 Class to work more than forty (40) hours per workweek, Defendant failed to pay them overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Named Plaintiff, the FLSA Collective, and OPPA Rule 23 Class were not properly paid for many of their hours worked as required by the FLSA and state law.

75.     The requirement to work overtime by Named Plaintiff, the FLSA Collective, and State Law Classes was unavoidable due to production/productivity requirements and/or benefits (*see* above, noting that Named Plaintiff, the FLSA Collective, and State Law Classes received productivity incentive payments based on their work performed), and Named Plaintiff, the FLSA Collective, and State Law Classes were required to work unpaid overtime hours. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

76.     Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff, the FLSA Collective, and State Law Classes] without compensating" them for this work performed. "Management has the power to ….[and]

must make every effort to" ensure all work completed during shifts – including for all work during wrongfully deducted meal break periods, as well as overtime hours at the correct overtime rate – was paid in accordance with the FLSA and state law. *See id.*

77.     Defendant, through its supervisors and/or managers, knew that Named Plaintiff, the FLSA Collective, and State Law Classes were working the time for which they were not paid, as a result of Defendant's failure to pay for all hours  worked during wrongfully deducted meal break periods, as well as overtime hours at the correct overtime rate, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew that Named Plaintiff, the FLSA Collective, and State Law Classes were entitled to overtime and/or non-overtime compensation, as applicable, under federal and/or state law or acted in reckless disregard for whether they were so entitled.

78.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and state law.

79.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and State Law Classes, *see* O.R.C. § 4113.15.

**(Unjust Enrichment)**

80.     Furthermore, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Named Plaintiff and the Unjust Enrichment Rule 23 Class. Defendant was unjustly enriched in that it induced Named Plaintiff and the Unjust Enrichment Rule 23 Class to perform work for the benefit of Defendant, i.e. non-overtime hours

during their missed/interrupted meal periods, and retained the benefit of this work without having either paid or fully paid for the same.

81.     While Defendant represented to Named Plaintiff and the Unjust Enrichment Rule 23 Class that they would be paid for all time spent working for, and to the benefit of, Defendant, Defendant failed to pay for all hours worked that Named Plaintiff and the Unjust Enrichment Rule 23 Class were entitled to be paid, including all non-overtime hours worked up to and including forty (40) hours worked each workweek during their employments.

82.     At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid the agreed, straight-time hourly rate for all non-overtime hours worked, Defendant arbitrarily and without prior notice failed to pay for all hours worked. Named Plaintiff and the Unjust Enrichment Rule 23 Class were ultimately not paid for all non-overtime hours worked at the straight-time hourly rates they were entitled to be paid (including any incentive payments for which they were eligible, as applicable), including as a result of Defendant's wrongful time deduction practices and policies.

83.     Although Named Plaintiff and the Unjust Enrichment Rule 23 Class satisfied the requirements of getting paid for all non-overtime hours at the straight-time hourly rate – by virtue of working, on the clock, pursuant to Defendant's policies, practices, and requirements – Named Plaintiff and the Unjust Enrichment Rule 23 Class were not paid for all hours worked in full as they were entitled.

84.     Defendant was unjustly enriched from Named Plaintiff and the Unjust Enrichment Rule 23 Class by failing and/or refusing to pay earned wages.

85.     Named Plaintiff and the Unjust Enrichment Rule 23 Class reasonably expected to be paid for all non-overtime hours work at the straight time hourly rates they expected to be paid.

86.     However, while Defendant knew that Named Plaintiff and the Unjust Enrichment Rule 23 Class worked for all the hours that improperly remain unpaid in full, Defendant nevertheless failed to pay for all hours worked because Defendant intentionally and knowingly deducted thirty (30) minutes of hours worked each workday despite knowing that Named Plaintiff and the Unjust Enrichment Rule 23 Class did not receive a fully uninterrupted meal break, resulting in less compensation paid than compensation earned and owed.

87.     Defendant benefited from the fruits of Named Plaintiff's and the Unjust Enrichment Rule 23 Class's unpaid labor. Not only did Defendant benefit from Named Plaintiff and the Unjust Enrichment Rule 23 Class by wrongfully retaining the actual monies that should have been paid to Named Plaintiff and the Unjust Enrichment Rule 23 Class as non-overtime wages, Defendant also benefited in the form of increased sales, increased profits, increased ability to compete on the price of Defendant's products, increased revenue, increased payments to ownership/stockholders, increased interest, increased volume, and increased market share, by using the nonpaid wages in furtherance of its business purposes.

88.     Allowing Defendant to retain the benefits provided by Named Plaintiff and the Unjust Enrichment Rule 23 Class under the circumstances presented as outlined above is demonstrably unjust.

89.     As a direct and proximate result of Defendant's unjust enrichment described herein, Named Plaintiff and the Unjust Enrichment Rule 23 Class have been damaged in an amount to be determined at trial, including but not limited to all non-overtime hours worked by Named Plaintiff and the Unjust Enrichment Rule 23 Class but not paid by Defendant at their straight time hourly rates required to be paid.

**(Defendant's Recordkeeping Violations)**

90.     The FLSA and state law, including Ohio law, required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

91.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

92.     Ohio law, by way of example, similarly provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

93.     Defendant kept records of hours worked, or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff, the FLSA Collective, and State Law Classes. However, at the time the hours worked by Named Plaintiff, the FLSA Collective, and State Law Classes were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, modified, and inaccurate and/or incomplete records which do not include all work performed during wrongfully deducted meal breaks that was required by, performed for, and to the benefit of Defendant, which had the

direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff, the FLSA Collective, and State Law Classes. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and Ohio law record keeping requirements.

**(The Willfulness of Defendant's Violations)**

94.    In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known as a substantial employer, in accordance with its obligations under the FLSA and state law, that its workers, including Named Plaintiff, the FLSA Collective, and the OPPA Rule 23 Class, were entitled to overtime compensation under federal and state law.

95.    By denying Named Plaintiff, the FLSA Collective, and OPPA Rule 23 Class overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

96.    Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were known by Defendant, but nonetheless willfully and intentionally disregarded. By way of one non-exhaustive example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules

issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[6]

97.     In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[7]

98.     Upon information and belief, Defendant posts or posted the notices required to be posted under both Ohio law and the FLSA which each contain language outlining Defendant's overtime compensation requirements.

99.     By complying with state and federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Named Plaintiff, the FLSA Collective, and OPPA Rule 23 Class were entitled to overtime compensation. Despite Defendant's knowledge, and mental awareness, of the

---

[6] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed Feb. 19, 2025) (emphasis original).
[7] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Feb. 19, 2025) (emphasis original).

overtime provisions of the FLSA and state law, including by physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours worked, Defendant has, for many years, continued to fail to pay overtime wages for overtime hours worked to Named Plaintiff, the FLSA Collective, and OPPA Rule 23 Class.

100.    Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA inasmuch as Defendant had actual notice of the requirements of the FLSA.

101.    Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

102.    In addition, Named Plaintiff and the OPPA Rule 23 Class are entitled to recovery under Ohio's law providing for recoverable untimely payment of wages pursuant to O.R.C. § 4113.15.

## IV.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A.    FLSA Collective Action for Unpaid Overtime Wages

103.    Named Plaintiff brings Count I of this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

104.    As outlined above, the "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant in the United States during the period of three years preceding the commencement of this action to the present who: (1) worked forty (40) or more hours during one or more workweeks at any of Defendant's manufacturing/production

facilities, and who, during one or more overtime weeks, either (2) (a) received one or more forms of additional compensation in addition to their Base Hourly Wage that was not included in their regular hourly rate for the purpose of calculating and compensating overtime compensation, and/or (b) had their work time deducted for a missed, non-taken, and/or uninterrupted meal break ("FLSA Collective"). [8]

105. Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

106. Named Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

107. Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

108. Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA

---

[8] Named Plaintiff reserves the right to amend and refine the definition of to whom they seek to have provided with Court-authorized notice based upon further investigation and discovery.

Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

109.     Throughout his employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked that the members of the FLSA Collective were subjected to.

110.     Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

111.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees at Defendant's manufacturing/production facilities are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as his own, in bringing this action.

112.     Maintaining this case as a collective action and issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

113.     Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are

readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

114. Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

115. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

116. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

117. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately several hundred or more persons.

**B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

118.     Named Plaintiff brings claims for unpaid wages and overtime (as applicable) under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the State Law Classes defined below.

119.     In particular, Named Plaintiff brings Count II under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the OPPA Rule 23 Class under O.R.C. § 4113.15, defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant at any one of Defendant's Ohio manufacturing/production facilities during the period of two years preceding the commencement of this action to the present who were not timely and properly paid compensation for all hours worked ("OPPA Rule 23 Class" or "OPPA Rule 23 Class Members").

120.     In addition, Named Plaintiff brings Count III under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the Unjust Enrichment Rule 23 Class under state common law for unjust enrichment defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant at any one of Defendant's Ohio manufacturing/production facilities during the period of six years preceding the commencement of this action to the present who had any non-overtime work hours deducted for a missed, non-taken, and/or uninterrupted meal break ("Unjust Enrichment Rule 23 Class" or "Unjust Enrichment Rule 23 Class Members").

121.     Together, the OPPA Rule 23 Class and Unjust Enrichment Rule 23 Class constitute the State Law Classes or State Law Classes Members.

122.     The State Law Classes, as defined above, are each so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that each of the State Law Classes consist of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from

the payroll and personnel records Defendant maintained, and was required to maintain, pursuant to the FLSA and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Art II., Section 34a of the Ohio Constitution.

123.    Named Plaintiff is a member of both of the State Law Classes (outlined above) and his claims for unpaid wages are typical of the claims of other members of the State Law Classes.

124.    Named Plaintiff will fairly and adequately represent each of the State Law Classes and the interests of all members of the State Law Classes.

125.    Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Classes that he has undertaken to represent.

126.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of each of the State Law Classes. Named Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Classes in this case.

127.    Questions of law and fact are common to each of the State Law Classes and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Classes arising from Defendant's conduct include, without limitation:

(a)    whether Defendant violated state law by failing to pay the State Law Classes Members for all overtime and/or non-overtime wages, as applicable, earned because of the violation(s) described herein;

(b)    what amount of unpaid and/or withheld compensation, including overtime and/or non-overtime compensation, is due to Named Plaintiff and the State Law Classes on account of Defendant's violations of state law, O.R.C. § 4113.15, and common law unjust enrichment, as applicable;

(c)    whether the unpaid and/or withheld compensation remains unpaid in violation of state law;

(d)    whether Defendant's retention of the wages earned by Named Plaintiff and the Unjust Enrichment Rule 23 Class results in inequity; and

(e)     what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by state law is due to Named Plaintiff and the State Law Classes on the overtime and/or non-overtime compensation, as applicable, or other entitled compensation which was withheld or not timely paid to them.

128.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the non-exempt employees comprising of the State Law Classes.

129.    Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Classes, making appropriate relief with respect to Named Plaintiff and the State Law Classes each as a whole.

130.    Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the State Law Classes predominate over questions affecting individual members of the State Law Classes and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

131.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the State Law Classes' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring State Law Classes members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

132.     Named Plaintiff and counsel are not aware of any interfering pending litigation on behalf of the State Law Classes as defined herein.

## V.     CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION
### FOR UNPAID OVERTIME COMPENSATION)

133.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

134.     This claim is brought as a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

135.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

136.     During the three (3) years preceding the filing of this original Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

137.     Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

138.     During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but were not paid for all overtime hours worked as a result of one or more of Defendant's policies and/or practices as alleged above.

139.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

140.    Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

141.    The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

142.    Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees also violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

143.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

144.    As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION
### FOR OPPA VIOLATION ON BEHALF OF OPPA RULE 23 CLASS)

145.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

146.    The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

147.    Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

148.    Named Plaintiff and the OPPA Rule 23 Class Members have been employed by Defendant.

149.    At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and OPPA Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

150.    The OPPA requires Defendant to pay Named Plaintiff and OPPA Rule 23 Class Members all wages, including overtime and non-overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

151.    As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the OPPA Rule 23 Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before

the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

152.    As a result, Named Plaintiff's and OPPA Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

153.    Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other OPPA Rule 23 Class Members in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

154.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the OPPA Rule 23 Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Named Plaintiff, and the members of the OPPA Rule 23 Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

155.    As a result of Defendant's violation of the OPPA, Named Plaintiff and OPPA Rule 23 Class Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## COUNT III
## (UNJUST ENRICHMENT – RULE 23 CLASS ACTION
## ON BEHALF OF THE UNJUST ENRICHMENT RULE 23 CLASS)

156.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

157.    Named Plaintiff brings this claim on behalf of himself and the Unjust Enrichment Rule 23 Class as a result of Defendant's suffering or permitting him and the Unjust Enrichment

Rule 23 Class to work for their benefit and for not paying them non-overtime wages for all the time that they worked due to one of more of the pay policies/practices alleged above.

158.     As hereinabove alleged, Named Plaintiff and the Unjust Enrichment Rule 23 Class Members conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages Named Plaintiff and the Unjust Enrichment Rule 23 Class were entitled to be paid. However, Named Plaintiff and the Unjust Enrichment Rule 23 Class were not paid the hourly rates that they were entitled to be paid for all hourly work completed as a result of Defendant's pay policies/practices.

159.     Defendant knew that it retained one or more benefits to the detriment of Named Plaintiff and the Unjust Enrichment Rule 23 Class in the form of unpaid wages, but nevertheless failed to pay them anyways.

160.     Defendant has been unjustly enriched at the expense of Named Plaintiff and the Unjust Enrichment Rule 23 Class by the retention of hourly wages that were earned and that rightfully belong to Named Plaintiff and the Unjust Enrichment Rule 23 Class. Defendant was unjustly enriched in that it induced Named Plaintiff and the Unjust Enrichment Rule 23 Class to perform work for the benefit of Defendant and inequitably retained the benefit of this work without having paid for the same.

161.     Allowing Defendant to retain the benefits provided by Named Plaintiff and the Unjust Enrichment Rule 23 Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Named Plaintiff's and the Unjust Enrichment Rule 23 Class's services without compensating them, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

162.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and other members of the Unjust Enrichment Rule 23 Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the Unjust Enrichment Rule 23 Class but not paid by Defendant. As a result of Defendant having been unjustly enriched, Named Plaintiff and the Unjust Enrichment Rule 23 Class are entitled to compensation for the value of the benefit Named Plaintiff and the Unjust Enrichment Rule 23 Class conferred on Defendant.

163.    Having injured Named Plaintiff and the Unjust Enrichment Rule 23 Class, Defendant is liable to Named Plaintiff and the Unjust Enrichment Rule 23 Class in the full amount of regular wages that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## VI.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A.    Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration payment, timekeeping, time editing, time deduction, and other relevant records, necessary to determine similarly situated individuals;

B.    Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.    Issue Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D.    Toll the statute of limitations for all members of the FLSA Collective from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the State Law Classes and counsel of record as Class Counsel;

F. Find that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA and state law;

G. Enter judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Enter judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the State Law Classes and continuing through trial;

I. Award Named Plaintiff, the FLSA Collective, and State Law Classes Members, as applicable, unpaid compensation, including overtime and/or non-overtime wages as to be determined at trial together with any liquidated damages allowed under state law;

J. Enter judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

K. Award Named Plaintiff and the OPPA Rule 23 Class liquidated damages allowed by the OPPA, including but not limited to an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per OPPA Subclass member, whichever is greater;

L. Award monetary relief to Named Plaintiff and the Unjust Enrichment Rule 23 Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

M. Award Named Plaintiff, the FLSA Collective, and State Law Classes prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

N. Award to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

O. Award to Named Plaintiff, the FLSA Collective, and State Law Classes attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

P.  Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

Q.  Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

R.  Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

/s/ Daniel I. Bryant
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Esther E. Bryant (0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Ebryant@bryantlegalllc.com

/s/ Ryan A. Winters
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221   F: (440) 846-1625
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Named Plaintiff and Other Members*
*of the proposed FLSA Collective and proposed Rule 23 Class Counsel*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Daniel I. Bryant
Daniel I. Bryant