**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **KURT BODI**<br>*On behalf of himself and all others similarly situated,* ) ) ) | |
| ) | |
| **Named Plaintiff,** ) | **Case No. 3:25-cv-358** |
| ) | |
| **v.** ) | **Judge Jack Zouhary** |
| ) | |
| **Phoenix Technologies International, LLC,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**ANSWER TO COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Plaintiff Kurt Bodi ("Named Plaintiff") and

Defendant Phoenix Technologies International LLC ("Defendant") hereby responds to Named

Plaintiff's Collective and Class Action Complaint as follows:

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

1.      Named Plaintiff has failed to state a claim upon which relief can be granted.

2.      Named Plaintiff's claims cannot be maintained as a collective action under the

FLSA because Named Plaintiff is not similarly situated to the other members of the putative

collective they purport to represent, the existence of which is expressly denied; therefore, Named

Plaintiff is not an adequate representative of the putative collective members.

3.      Named Plaintiff's action cannot be maintained as a collective and/or class action

because the requirements for such an action cannot be met under the facts pled.

4.      Named Plaintiff's action cannot be maintained as a collective and/or class action because the allegations, facts, and defenses relating to Plaintiffs, separately and individually, will not support a collective and/or class action.

5.      Named Plaintiff is not entitled to relief, because Named Plaintiff and the purported classes were compensated in accordance with the Fair Labor Standards Act ("FLSA") and the Ohio Prompt Pay Act ("OPPA").

6.      The Complaint and each and all claims contained therein (including claims for attorney's fees) are barred, in whole or in part, to the extent that Named Plaintiff lacks standing, cannot sufficiently represent the interests of the putative collective action members, has not suffered harm, and/or will not suffer any imminent and irreparable harm as a result of any alleged actions or conduct by Defendant.

7.      Even if Named Plaintiff, or any member of the putative collective action or class action, was not paid for all activities performed while/if employed by Defendant, which Defendant denies, such activities do not constitute compensable work under the Fair Labor Standards Act and furthermore, such activities were not integral and indispensable parts of the principal activities of employment and are not compensable.

8.      Defendant at all times acted in good faith to comply with the FLSA, OPPA, or Ohio law and with reasonable grounds to believe that its actions did not violate the FLSA, OPPA, or Ohio law, and assert a lack of willfulness or intent to violate the FLSA, OPPA, or Ohio law as a defense to any claim by Named Plaintiff and the putative class for liquidated damages.

9.      Named Plaintiff's claims and purported collective action and/or class members' claims are barred to the extent they failed to satisfy all requisite conditions precedent to the filing of this action.

10.     The claims of Named Plaintiff and the purported collective and/or class members may be barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

11.     Defendant avers that a class/collective action is inappropriate: Named Plaintiff is not similarly situated to the putative collective individuals Named Plaintiff purports to represent under 29 U.S.C. § 216(b); the putative class does not meet numerosity requirements under Fed. R. Civ. P. 23; there are no questions of law or fact common to the class; Named Plaintiff's claims are not typical of claims asserted by putative class members; Named Plaintiff is not an adequate representative of the proposed class; individual issues of liability/damages predominate over any issues common to the putative class; and the proposed class cannot be certified as pleaded.

12.     When calculating overtime liability, if any, Defendant is entitled to the exclusion of aspects of Named Plaintiff's and putative class members' compensation that are excludable from regular rate of pay calculation under 29 U.S.C. § 207(e).

13.     The certification of this case as a collective action would violate due process and the Federal Rules of Civil Procedure.

14.     Named Plaintiff's claims and purported collective action and/or class members' claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

15.     Named Plaintiff and putative class members are barred, in whole or in part, by the estoppel doctrine.

16.     Named Plaintiff and the putative class members' claims are barred, in whole or in part, by the accord and satisfaction doctrine and/or payment.

17.     Defendant relies upon all defenses that may be asserted pursuant to the FLSA and/or Ohio's wage and hour laws.

18.     Defendant reserves the right to assert any defenses, including affirmative defenses, that may later be revealed to be appropriate.

## INTRODUCTION[1]

1.     The allegations in Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 1 implies any wrongdoing by or liability against Defendant, such allegations are denied.

2.     The allegations in Paragraph 2 of the Complaint do not contain allegations that require a response. To the extent any response is required, and to the extent that Paragraph 2 implies any wrongdoing by or liability against Defendant, such allegations are denied.

3.     The allegations in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 3 implies any wrongdoing by or liability against Defendant, such allegations are denied.

4.     The allegations in Paragraph 4 of the Complaint do not contain allegations that require a response. To the extent any response is required, such allegations are denied.

5.     Defendant denies the allegations in Paragraph 5 of the Complaint.

## I.     JURISDICTION AND VENUE

6.     The allegations in Paragraph 6 of the Complaint do not contain allegations that require a response. To the extent any response is required, Defendant admits the allegations in Paragraph 6 of the Complaint.

---

[1] The headings set forth in Plaintiff's Complaint are reproduced herein only for convenience.

7.      The allegations in Paragraph 7 of the Complaint do not contain allegations that require a response. To the extent any response is required, Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint do not contain allegations that require a response. To the extent any response is required, Defendant denies the facility at 1098 Fairview Avenue, Bowling Green, Ohio 43402 is its "primary U.S. headquarters."  Defendant admits it does have a location at 1098 Fairview Avenue, Bowling Green, Ohio 43402.

9.      The allegations in Paragraph 9 of the Complaint do not contain allegations that require a response. To the extent any response is required, Defendant denies that the address in Paragraph 8 is considered Defendant's U.S. headquarters.

## II.    THE PARTIES

### A.  Named Plaintiff Bodi

10.     Upon information and belief, the allegations contained in Paragraph 10 of the Complaint are admitted.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint do not contain allegations that require a response. Named Plaintiff's Consent to Join Form speaks for itself.

### B.  Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise

13.     The allegations in Paragraph 13 of the Complaint do not contain allegations that require a response. The language, as noted, was taken from a website and speaks for itself.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits only that it employed Named Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations regarding "the FLSA Collective" and "State Law Classes" inasmuch as the purported class members are unnamed.

17.     Defendant admits only that it employed Named Plaintiff, as well as other hourly, non-exempt production/manufacturing employees. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding "the FLSA Collective" and "State Law Classes" inasmuch as the purported class members are unnamed.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 20.

21.     Defendant admits the allegations contained in Paragraph 21 of the Complaint inasmuch as it was an employer for Named Plaintiff. Defendant is without information and belief sufficient to form a belief as to truth of the remaining allegations regarding "the FLSA Collective" and "State Law Classes" as the purported class members are unnamed.

22.     Defendant admits the allegations contained in Paragraph 22 of the Complaint inasmuch as it was an employer to Named Plaintiff. Defendant is without information and belief sufficient to form a belief as to truth of the remaining allegations regarding "the FLSA Collective" and "State Law Classes" as the purported class members are unnamed.

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint inasmuch as it was an employer to Named Plaintiff. Defendant is without information and belief sufficient to form a belief as to truth of the remaining allegations regarding "the FLSA Collective" and "State Law Classes" as the purported class members are unnamed.

24.     The allegations in Paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, Defendant admits the allegations in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant admits the allegations contained in Paragraph 30 of the Complaint inasmuch as it was an employer to Named Plaintiff. Defendant is without information and belief sufficient to form a belief as to truth of the remaining allegations regarding "the FLSA Collective" and "State Law Classes" as the purported class members are unnamed.

31.     Defendant admits the allegations contained in Paragraph 31 of the Complaint inasmuch as it was an employer to Named Plaintiff. Defendant is without information and belief sufficient to form a belief as to truth of the remaining allegations regarding "the FLSA Collective" and "State Law Classes" as the purported class members are unnamed.

32.     Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 33 implies any wrongdoing by or liability against Defendant, such allegations are denied.

III.    **FACTS**

34.     Defendant denies the allegations in Paragraph 34 of the Complaint. Named Plaintiff was employed as an hourly, non-exempt from May 11, 2022 to the end of January 2025.

35.     Defendant admits the allegations in Paragraph 35 of the Complaint.

36.     Defendant admits the allegations in Paragraph 36 of the Complaint.

37.     The allegations in Paragraph 37 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 37 implies any wrongdoing by or liability against Defendant, such allegations are denied.

38.     The allegations in Paragraph 38 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 38 implies any wrongdoing by or liability against Defendant, such allegations are denied.

39.     The allegations in Paragraph 39 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 39 implies any wrongdoing by or liability against Defendant, such allegations are denied.

40.     The allegations in Paragraph 40 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that

Paragraph 40 implies any wrongdoing by or liability against Defendant, such allegations are denied.

41.     The allegations in Paragraph 41 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 41 implies any wrongdoing by or liability against Defendant, such allegations are denied.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 44 implies any wrongdoing by or liability against Defendant, such allegations are denied.

45.     The allegations in Paragraph 45 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 45 implies any wrongdoing by or liability against Defendant, such allegations are denied.

46.     The allegations in Paragraph 46 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 46 implies any wrongdoing by or liability against Defendant, such allegations are denied.

**(Unpaid Wages Due to Failure to Pay Overtime at the Correct Regular Rate of Pay)**

47.     The allegations in Paragraph 47 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 47 implies any wrongdoing by or liability against Defendant, such allegations are denied.

48.     The allegations in Paragraph 48 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 48 implies any wrongdoing by or liability against Defendant, such allegations are denied.

49.     The allegations in Paragraph 49 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, and to the extent that Paragraph 49 implies any wrongdoing by or liability against Defendant, such allegations are denied.

50.     The allegations contained in Paragraph 50 contain legal conclusions to which no response is required.

51.     The allegations contained in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that it provided bonuses when certain criteria are met. To the extent that the allegations in Paragraph 51 imply any wrongdoing against Defendant, such allegations are denied.

52.     Defendant is without knowledge or information sufficient to form a belief as to what employees "expected" to receive. Defendant admits only that it provided additional remuneration in the form of bonuses for specific criteria met as to the Named Plaintiff. Defendant denies the allegations regarding "the FLSA Collective" and "State Law Classes" as the purported

class members are unnamed. To the extent that the allegations in Paragraph 52 imply any wrongdoing against Defendant, such allegations are denied.

53.     Defendant admits the allegations contained in Paragraph 53 of the Complaint only as to the Named Plaintiff. Defendant denies the allegations regarding "the FLSA Collective" and "State Law Classes" as the purported class members are unnamed.

54.     Upon information and belief, Defendant denies the allegations contained in Paragraph 54 of the Complaint regarding "the FLSA Collective," "State Law Classes," or "Unjust Enrichment Class" as the purported class members are unnamed. Defendant further denies the allegations inasmuch as they are premised on Named Plaintiff's definition of "Additional Remuneration."

55.     Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant admits the allegations contained in Paragraph 56 of the Complaint only as to Named Plaintiff, but deny the allegations regarding "the FLSA Collective," "State Law Classes," or the "Unjust Enrichment Class" as the purported class members are unnamed.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

**(Unpaid Wages Due to Defendant's Unpaid Meal Period Policy/Practice)**

59.     Defendant admits only that non-exempt employees working an 8-hour shift received a 30-minute unpaid lunch break. Upon information and belief, Defendant denies that employees were unable to take an uninterrupted lunch break. Defendant denies all remaining allegations in Paragraph 59 of the Complaint.

60.     Upon information and belief, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Upon information and belief, Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     Upon information and belief, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Upon information and belief, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Upon information and belief, Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Upon information and belief, Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Upon information and belief, Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

**(Unjust Enrichment)**

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Upon information and belief, Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     Upon information and belief, Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Upon information and belief, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Upon information and belief, Defendant denies the allegations contained in Paragraph 89 of the Complaint.

**(Defendant's Recordkeeping Violations)**

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 90 imply any wrongdoing or liability against Defendant, those allegations are denied.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 91 imply any wrongdoing by or liability against Defendant, those allegations are denied.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 92 imply any wrongdoing by or liability against Defendant, those allegations are denied.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

**(The Willfulness of Defendant's Violations)**

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 97 imply any wrongdoing by or liability against Defendant, those allegations are denied.

98.     Defendant admits the allegations contained in Paragraph 98 of the Complaint. To the extent that the allegations in paragraph 98 imply any wrongdoing by Defendant, such implications of wrongdoing are denied.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.     Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.     Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.     Defendant denies the allegations contained in Paragraph 102 of the Complaint.

IV.     **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

A.     **FLSA Collective Action for Unpaid Overtime Wages**

103.     Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 103 imply any wrongdoing by or liability against Defendant, those allegations are denied.

104.     Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 104 imply any wrongdoing by or liability against Defendant, those allegations are denied.

105.     Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.     Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.     Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.     Paragraph 110 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 110 imply any wrongdoing by or liability against Defendant, those allegations are denied.

111.     Paragraph 111 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 111 imply any wrongdoing by or liability against Defendant, those allegations are denied.

112.     Paragraph 112 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 112 imply any wrongdoing by or liability against Defendant, those allegations are denied.

113.     Paragraph 113 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 113 imply any wrongdoing by or liability against Defendant, those allegations are denied.

114.     Paragraph 114 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 114 imply any wrongdoing by or liability against Defendant, those allegations are denied.

115.     Paragraph 115 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 115 imply any wrongdoing by or liability against Defendant, those allegations are denied.

116.     Paragraph 116 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 116 imply any wrongdoing by or liability against Defendant, those allegations are denied.

117.     Paragraph 117 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 117 imply any wrongdoing by or liability against Defendant, those allegations are denied.

**B.      Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

118.     Paragraph 118 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 118 imply any wrongdoing by or liability against Defendant, those allegations are denied.

119.    Paragraph 119 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 119 imply any wrongdoing by or liability against Defendant, those allegations are denied.

120.    Paragraph 120 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 120 imply any wrongdoing by or liability against Defendant, those allegations are denied.

121.    Paragraph 121 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 121 imply any wrongdoing by or liability against Defendant, those allegations are denied.

122.    Paragraph 122 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 122 imply any wrongdoing by or liability against Defendant, those allegations are denied.

123.    Paragraph 123 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 123 imply any wrongdoing by or liability against Defendant, those allegations are denied.

124.    Paragraph 124 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 124 imply any wrongdoing by or liability against Defendant, those allegations are denied.

125.    Paragraph 125 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 125 imply any wrongdoing by or liability against Defendant, those allegations are denied.

126.    Paragraph 126 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 126 imply any wrongdoing by or liability against Defendant, those allegations are denied.

127.    Paragraph 127 of the Complaint contains legal conclusions or other statements to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, including but not limited to, any and all sub-paragraphs (a) – (e), of the Complaint. To the extent that the allegations in Paragraph 127, including but not limited to, any and all sub-paragraphs (a) – (e) imply any wrongdoing by or liability against Defendant, those allegations are denied.

128.    Paragraph 128 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 128 imply any wrongdoing by or liability against Defendant, those allegations are denied.

129.    Paragraph 129 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 129 in the Complaint.

130.    Paragraph 130 of the Complaint contains legal conclusions or other statement to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 130 in the Complaint.

131.    Paragraph 131 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 131 imply any wrongdoing by or liability against Defendant, those allegations are denied.

132.    Paragraph 132 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 132 imply any wrongdoing by or liability against Defendant, those allegations are denied.

### V.    CAUSES OF ACTION

### COUNT I

### (29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

133.    Defendant restates its foregoing responses as though fully set forth herein.

134.    Paragraph 134 of the Complaint contains legal conclusions or other statements to which no response is required. To the extent that the allegations in Paragraph 134 imply any wrongdoing by or liability against Defendant, those allegations are denied.

135.    Paragraph 135 of the Complaint contains legal conclusions or other statements to which no response is required. The cited statute speaks for itself. To the extent that the allegations in Paragraph 135 imply any wrongdoing by or liability against Defendant, those allegations are denied.

136.    Defendant admits only that it employed Named Plaintiff during the three (3) years preceding the filing of this Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the Complaint.

137.    Upon information and belief, Defendant admits only that Named Plaintiff was employed as a non-exempt employee. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137 of the Complaint.

138.    Upon information and belief, Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.    Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.    Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations contained in Paragraph 144 of the Complaint.

## COUNT II

### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION
### FOR OPP VIOLATION ON BEHALF OF OPPA RULE 23 CLASS)

145.    Defendant restates its foregoing responses as though fully set forth herein.

146.    Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 146 imply any wrongdoing by or liability against Defendant, those allegations are denied.

147.    Paragraph 147 of the Complaint contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 147 imply any wrongdoing by or liability against Defendant, those allegations are denied.

148.    Defendant admits the allegations contained in Paragraph 148 related to Named Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148.

149.    Paragraph 149 of the Complaint contains legal conclusions or statements to which no response is required.

150.    Paragraph 150 of the Complaint contains legal conclusions or other statements to which no response is required. The cited statute speaks for itself. To the extent that the allegations

in Paragraph 150 imply any wrongdoing by or liability against Defendant, those allegations are denied.

151.    Upon information and belief, Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152.    Upon information and belief, Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.    Upon information and belief, Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of the Complaint.

## COUNT III

### (UNJUST ENRICHMENT – RULE 23 CLASS ACTION ON BEHALF OF THE UNJUST ENRICHMENT RULE 23 CLASS)

156.    Defendant restates its foregoing responses as though fully set forth herein.

157.    Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158.    Upon information and belief, Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159.    Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160.    Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161.    Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of the Complaint.

## VI. __PRAYER FOR RELIEF__

WHEREFORE, having generally denied Plaintiff's Complaint, Defendant denies all requests for relief and prays:

1. That Named Plaintiff takes nothing by the Complaint;

2. For judgment in Defendant's favor and dismissal of all of Named Plaintiff's claims;

3. For Defendant to recover their costs and attorneys' fees incurred in this action; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of April, 2025.

_/s/ Nelva J. Smith_
Nelva J. Smith (OH #0083594)
Dallas F. Kratzer III (OH #0099331)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, Ohio 43215
Telephone: (614) 456-1656
Fax: (614) 221-0952
Nelva.smith@steptoe-johnson.com
Dallas.kratzer@steptoe-johnson.com

_Counsel for Defendant_
_Phoenix Technologies International LLC_

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2025, a copy of the foregoing "***Answer to Complaint***" was filed via the Court's electronic filing system, which will provide notice to all counsel of record.

/s/ Nelva J. Smith
Nelva J. Smith (OH #0083594)
*Counsel for Defendant Phoenix*
*Technologies International LLC*